UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CURTIS FERGUSON,

        Plaintiff,

v.

GRETCHEN WHITMER et al.,

        Defendants.
_____/

Case No. 1:22-cv-1138

Honorable Robert J. Jonker

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 6.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. The Court will also deny Plaintiff's motion for appointment of counsel (ECF No. 3).

**Discussion**

I.     **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. He brings this action to challenge the minimum duration of his sentence and sues Governor Gretchen Whitmer, MDOC Director Heidi Washington, and Chairperson of the Michigan Parole Board Brian Shipman.

Plaintiff alleges that, at age 22, Plaintiff was convicted by a jury and sentenced to a minimum of 60 years and a maximum of 90 years to be served in the MDOC. (Compl., ECF No. 1, PageID.2.) Pursuant to MCL 791.234(1)[1], Plaintiff will not be eligible for parole until 2046, at which time Plaintiff will be 81 years of age. (*Id.*). Plaintiff claims that the application of MCL 791.234(1)

> deprives Plaintiff of "any meaningful opportunity to obtain release based on rehabilitation during life expectancy, and any meaningful opportunity of life outside of prison" constitut[ing] a violation of the Eighth Amendment right to be free from Cruel and Unusual [Punishment]. ([S]ee Graham v. Florida, 580 U.S. 48 (2010)).

(*Id.*, PageID.3.)

Plaintiff seeks a declaratory judgment that MCL 791.234(1) is unconstitutional as applied to Plaintiff and requests an order granting Plaintiff immediate review before the Michigan Parole Board. (*Id.*)

---

[1] MCL 791.234(1) provides in relevant part:

> [A] prisoner sentenced to an indeterminate sentence and confined in a state correctional facility with a minimum in terms of years other than a prisoner subject to disciplinary time is subject to the jurisdiction of the parole board when the prisoner has served a period of time equal to the minimum sentence imposed by the court for the crime of which he or she was convicted, less good time and disciplinary credits, if applicable.

## II. Motion for Appointment of Counsel

Plaintiff has filed a motion requesting the appointment of counsel, asserting that counsel is required because "Plaintiff's imprisonment will greatly limit his ability to effectively litigate his claim." (ECF No. 3, PageID.14.) Plaintiff claims that the issues are complex, that significant research will be required, and that "Plaintiff has limited access to the law library and limited knowledge of the law." (*Id.*)

Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that the assistance of counsel is not necessary to the proper presentation of Plaintiff's position. Plaintiff's motion for appointment of counsel (ECF No. 3) will, therefore, be denied.

## III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff challenges the duration of his confinement. He claims that MCL 791.234(1), which generally requires that a prisoner serve the minimum sentence imposed by the sentencing court (less any good time and disciplinary credits) before being eligible for review by the parole board, violates the Eighth Amendment's prohibition against cruel and unusual punishment.

However, *Heck v. Humphrey*, 512 U.S. 477 (1994), holds that a suit under 42 U.S.C. § 1983 does not provide the appropriate vehicle for Plaintiff to challenge the duration of his confinement. The Sixth Circuit has explained the bar that *Heck* places on § 1983 suits brought by prisoners as follows:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

Plaintiff claims that imposing a punishment that effectively amounts to life imprisonment is unconstitutional. That claim necessarily seeks to invalidate the punishment imposed. It is, therefore, *Heck*-barred, and his Section 1983 claim must be dismissed.[2]

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C.

---

[2] This is without prejudice to any habeas action he may seek to bring. Of course, on any habeas claim Plaintiff would have to satisfy all procedural prerequisites, including the limitations period set forth in 28 U.S.C. § 2244(d), and the exhaustion of any states remedies. There is reason to doubt whether Plaintiff will be able to jump the procedural hurdles. His earlier habeas petition in this Court was dismissed as untimely on May 8, 2000, more than 20 years ago. *Ferguson v Pitcher*, Case No. 4:00-CV-63 (Attached Exhibit A).

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also deny Plaintiff's motion to appoint counsel (ECF No. 3).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:     January 4, 2023                     /s/ Robert J. Jonker
                                               Robert J. Jonker
                                               United States District Judge